[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This is an appeal of the judgment of the Ashtabula County Western Area Court, overruling the motion of appellant, Miguel Alicea Garcia, to suppress the results of a breathalyzer test.
On October 20, 2000, appellant was stopped by Officer Michael L. Palinkas of the Geneva Police Department for driving left of center. Upon approaching appellant's vehicle, Officer Palinkas smelled a strong odor of alcohol and observed that appellant had bloodshot eyes, a flushed face, slurred speech, and slow movements. Officer Palinkas asked appellant to exit his car and perform field sobriety tests. Officer Palinkas gave appellant the Horizontal Gaze Nystagmus test, on which Officer Palinkas observed six of the six indicators of intoxication.
Officer Palinkas arrested appellant and took him to the Geneva Police Station to perform a breathalyzer test. Officer Palinkas testified that, at the police station, he asked appellant if he understood English. Appellant answered that he understood some English. Officer Palinkas then asked appellant if he could read English, and appellant replied that he could not. Officer Palinkas then asked appellant if he could read Spanish and appellant responded that he could.
Officer Palinkas testified that he then gave appellant a Spanish translation of the "test and refusal consequences," which are required to be read to a driver before giving him the breathalyzer test, under R.C.4511.191(C). Officer Palinkas read the "test and refusal consequences" to appellant in English, while appellant read the Spanish translation. Officer Palinkas asked appellant if he understood what he had read, and appellant responded that he did. Appellant submitted to the breathalyzer test, which indicated a blood alcohol concentration of .226.
Appellant was charged with operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1) and (A)(6); driving under suspension, in violation of R.C. 2507.02(B); operating a motor vehicle without a license, in violation of R.C. 4507.01; and, traveling left of center, in violation of R.C. 4511.25.
On January 3, 2001, appellant filed a motion to suppress the results of the breathalyzer test. The trial court held a suppression hearing, at which Officer Palinkas and appellant testified. The trial court concluded that while the Spanish translation of the "test and refusal consequences" language was not verbatim, and may not have accurately conveyed to appellant the required information, the exclusionary rule is not applied to evidence obtained in violation of statutory law but not in violation of constitutional rights. The trial court overruled appellant's motion to suppress.
Appellant pleaded no contest to operating a motor vehicle while under the influence of alcohol. The remaining charges were dismissed. Appellant filed a timely notice of appeal and raises the following assignment of error:
 "The trial court erred when overruling appellant's motion to suppress."
In his assignment of error, appellant argues that the trial court erred by overruling his motion to suppress the results of the breathalyzer test. Appellant argues that the Spanish translation of the "test and refusal consequences," that he was given to read, was not a verbatim translation of the statutory language. Because the language was not verbatim, appellant argues, his consent to perform the breathalyzer test was not knowingly and voluntarily given. Thus, according to appellant, the breathalyzer test violated his Fourth Amendment rights.
This court has held that:
 "[a]t a hearing on a motion to suppress, the trial court functions as the trier of fact. Thus, the trial court is in the best position to weigh the evidence by resolving factual questions and evaluating the credibility of witnesses. * * * On review, an appellate court must accept the trial court's findings of fact if those findings are supported by competent, credible evidence. * * * After accepting such factual findings as true, the reviewing court must then independently determine, as a matter of law, whether or not the applicable legal standard has been met." Ohio v. Hrubik (June 30, 2000), 11th Dist. No. 99-A-0024, 2000 Ohio App. LEXIS 2999, at *4-5.
The trial court found that Officer Palinkas read to appellant, in English, the statement required by R.C. 4511.191. Appellant was given a form to read on which that statement had been translated into Spanish. The court also found that the Spanish translation was not verbatim and may not have accurately conveyed all the information required by R.C.4511.191. In addition, appellant's understanding of English is limited in such a way that he could not fully understand everything that was being read by Officer Palinkas.
Appellant does not argue whether an administrative license suspension should have been imposed upon him; appellant argues that he did not knowingly consent to perform the breathalyzer test.
 "The validity of [a] consent is a question of fact and depends on whether the consent was freely and voluntarily given and not the result of duress or coercion, either express or implied. Although a factor, there does not have to be a demonstration by the prosecution that the appellant knew he had a right to refuse consent." State v. Patterson (Oct. 4, 1993), 95 Ohio App.3d 255, 259, citing Schneckloth v. Bustamonte (1973), 412 U.S. 218.
Accordingly, we must determine whether, viewed in light of the totality of the circumstances, appellant consented to the breathalyzer test. SeeState v. Ruiz (Feb. 16 1996) 2nd Dist. No. 15052, 1996 WL 74714 at *4; citing State v. Posey (1988), 40 Ohio St.3d 420. We find that appellant did consent to the breathalyzer test.
First, we note that Officer Palinkas complied with the letter of R.C.4511.191 by reading the required language to appellant, in English, and showing him the English language version of BMV Form 2255. "[A] person who voluntarily operates a motor vehicle upon the highways of this state is estopped, in a proceeding under R.C. 4511.191, to assert insufficient language skill to comprehend the request and advice provided in R.C.4511.191(C) when received in the statutory manner and form." State v.Hurbean (1970), 23 Ohio App.2d 119, 127. While we agree that it is by far the better practice for law enforcement officers to show the R.C.4511.191(C) language to non-English speaking drivers in their language, the plain language of R.C. 4511.191 creates no statutory requirement that a law enforcement officer do so.
In his testimony at the suppression hearing, appellant admitted that he understood a little English. He also admitted that he understood he was taken to the police station to perform a breathalyzer test. Appellant also claimed in his testimony that he did not understand that he could refuse to take the breathalyzer test, that he was not shown the Spanish language translation of the "test and refusal consequences," and that he only agreed to take the test to avoid problems with the police.
Officer Palinkas testified that he showed the Spanish language translation of the "test and refusal consequences" to appellant, and that appellant, when asked if he understood it, replied that he did. The trial court, in weighing the evidence and the credibility of the witnesses, determined that appellant was given the Spanish-language form to read.
A review of appellant's expert witness' translation of the Spanish-language form into English reveals that appellant was given sufficient information to enable him to consent to a breathalyzer test. The form advised appellant that: he was being arrested for driving under the influence of alcohol; he was being asked by the police to submit to a test to determine the amount of alcohol in his blood, breath or urine; he could refuse to take the test; if he refused to take the test or if he performed the test and was found to have alcohol in his blood, breath or urine, his driver's license would be immediately suspended; and, he could appeal the suspension at his initial appearance on charges of driving under the influence of alcohol.
The information on the Spanish-language translation of the "test and refusal consequences," read by appellant, when taken together with his admission that he knew he was being asked to perform a breathalyzer test, is sufficient to show that appellant's consent to the breathalyzer test was freely and voluntarily given.
Furthermore, if, as appellant claims, his inability to understand English made him incapable of refusing to submit to the breathalyzer test, the results of his breathalyzer test still should not have been suppressed because Ohio's implied consent law applies. The implied consent law, R.C. 4511.191, provides that anyone operating a motor vehicle on public or private property, in Ohio, is deemed to have consented to a test to determine the concentration of alcohol in his blood, breath or urine, if requested by a police officer with reason to believe that the person was driving under the influence of alcohol. R.C.4511.191 (A). R.C. 4511.191(B) states that:
 "[a]ny person who is dead or unconscious, or who is otherwise in a condition rendering the person incapable of refusal, shall be deemed not to have withdrawn consent as provided by division (A) of this section and the test or tests may be administered * * *." (Emphasis added)
As the Fifth District Court of Appeals held in Hurbean, supra, "[a] statute authorizing a test upon a `person who is dead, unconscious, or who is otherwise in a condition rendering him incapable of refusal, * * *' should not be judicially amended to prohibit a test upon someone incapable of understanding advice." Hurbean, at 130. Thus, appellant's claim that he could not understand what was being requested of him with sufficient clarity to refuse to perform the breathalyzer test does not negate the fact that the law implies appellant's consent to the test.
Appellant's assignment of error is without merit.
For the foregoing reasons, the judgment of the Ashtabula County Western Area Court is affirmed.
WILLIAM M. O'NEILL, P.J., DIANE V. GRENDELL, J., concur.